701 P.2d 275

**Mark A. BROWN, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 15371.

Court of Appeals of Idaho.

May 24, 1985.

Owen L. Knowlton and Jeff Mark Brudie (argued), Knowlton & Miles, Lewiston, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

PER CURIAM.

Mark Anthony Brown entered pleas of guilty to two counts of grand theft by possession of stolen property, I.C. §§ 18–2403, 2407. He appeals from denial of his application for post-conviction relief. Brown contends that the sentences imposed following his convictions are invalid because he was not represented by counsel at the sentencing hearing; that he was not given an adequate opportunity before the sentencing hearing to review the presentence report; and that the sentences imposed are excessive, amounting to an abuse of sentencing discretion. We reverse the order denying Brown's application for post-conviction relief, vacate the sentences and remand this case for further proceedings.

A week before the sentencing hearing, Brown's motion to discharge his counsel

was granted. The judge reminded Brown at that time that the sentencing hearing was scheduled for the following Wednesday, and informed Brown that the sentencing hearing would proceed whether or not Brown was able to retain new counsel. Brown expressed his intent to retain counsel and at no time did he indicate an intention to proceed without being represented by an attorney. Brown received a copy of the presentence report on the following Monday evening. He did not contact an attorney and the sentencing hearing proceeded as scheduled on Wednesday morning. It became evident during the sentencing hearing that Brown wished to be represented by the public defender but did not know the procedure by which he could qualify for appointment of the public defender to represent him. It was also evident during the hearing the sentencing judge was displeased with Brown's dismissal of his attorney one week earlier. The judge sentenced Brown to two, ten-year fixed sentences, to be served consecutively, for the grand theft convictions.

Our Supreme Court has held that Article I, § 13 of the Idaho Constitution and the sixth and fourteenth amendments to the United States Constitution entitle a defendant to representation by counsel at sentencing. *State v. [Dennis] Brown*, 98 Idaho 209, 560 P.2d 880 (1977). Thus, "in the absence of a knowing, intelligent and voluntary waiver of the right to counsel, the district court may not proceed with the sentencing hearing when the defendant is not represented by counsel without some evidence or finding that the defendant has discharged his counsel in order to delay or hinder the judicial process." *Id.* at 212, 560 P.2d at 883.

The state concedes that the appellant Brown in the instant case did not voluntarily waive his right to representation. However, the state argues that Brown, by dismissing his retained counsel one week before sentencing, could only have desired to delay and impede the judicial process. Accordingly, the state contends the sentencing judge proceeded appropriately when Mark Brown appeared without counsel.

We do not agree. One request for a change of counsel, accompanied by a subsequent single appearance without counsel, does not constitute "continually changing counsel or arriving for hearings unrepresented by counsel," *State v. Brown, supra,* 98 Idaho at 212, 560 P.2d at 883. It does not justify an inference that the appellant here discharged his counsel in order to delay or hinder the judicial process. Indeed, the sentencing judge made no finding that Mark Brown was attempting to impede judicial process by dismissing his attorney. Brown should have been granted a reasonable continuance in order to retain new counsel to be present at the sentencing hearing. Or, if Brown qualified as an indigent, counsel should have been appointed to represent him. Because Brown was sentenced without the aid of counsel, and grounds for proceeding without his being aided by counsel did not exist, the sentences must be vacated and the matter remanded for a sentencing hearing at which Brown will be represented by counsel.

Because the sentences are vacated, we do not consider whether Brown was afforded an adequate opportunity to review the presentence report or whether the sentences are excessive. On remand Brown and his attorney should be given a reasonable opportunity to examine the presentence report so that Brown may explain and defend adverse matters contained therein. I.C.R. 32(g).

The order denying Brown's application for post-conviction relief is reversed. The sentences are vacated and the case remanded for further proceedings, consistent with this opinion.