705 P.2d 1074

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William A. LANGLEY, Defendant-Appellant.**

**No. 15220.**

Court of Appeals of Idaho.

Sept. 5, 1985.

Petition for Review Granted Nov. 14, 1985.

William Langley, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

William Langley represented himself on a charge of armed robbery. A jury trial was conducted largely in his absence when Langley refused to participate. He was convicted and he now appeals this conviction, raising the pivotal issue that his decision to waive the assistance of counsel was not made knowingly and intelligently. We find that the record does not indicate Langley's waiver of counsel was voluntarily, knowingly and intelligently made, and therefore, we reverse and remand. We also briefly address other issues raised by Langley in this appeal.

At Langley's arraignment, the following dialogue took place between the district judge and Langley:

THE COURT: Mr. Langley, apparently you were represented also by the public defender in the lower court; is that correct, sir?

DEFENDANT LANGLEY: I represented myself pro se, Your Honor. I proceeded with the guidance of assistance of the public defender as a legal advisor.

THE COURT: Well, then, I might ask you: What is your thinking in regard to the attorney in this court?

DEFENDANT LANGLEY: Well, I intend to proceed pro se with the assistance of legal advisors from the public defender's office. Mr. Laird Stone has been assigned to me.

THE COURT: You would like to continue that arrangement?

DEFENDANT LANGLEY: Yes, sir.

THE COURT: Well, I might advise you that I have been in this business a long time, and I have never yet found a person that has represented themselves very well pro se, and I think it's a very foolish idea to do so.

DEFENDANT LANGLEY: I'm a fool for a client is what you mean.

THE COURT: I think that's about it. Even I have an attorney and am in court over in a civil case in Payette, and I'm not representing myself.

DEFENDANT LANGLEY: I would rather proceed pro se, Your Honor.

THE COURT: Very well, then, I have advised you accordingly.

DEFENDANT LANGLEY: Excuse me, Your Honor. I would like the assistance of an attorney as a legal advisor.

THE COURT: Well, I'll give you that right, and the public defender is there. I hope you reconsider and change your mind in that regard. And to that extent, I'll reaffirm the public defender to represent you.

DEFENDANT LANGLEY: No. I'll proceed pro se.

THE COURT: Very well....

On the day of the trial, Langley refused to participate in the trial and walked out of the courtroom as jury selection was about to begin. Previously, at several pretrial court hearings Langley appeared pro se but generally had an attorney from the public defender's office present as a legal advisor. On the day of trial, however, the record does not show that his standby counsel was present. Langley made only three brief reappearances at trial, once to make a statement on the record in the presence of the jury; once to move, in the absence of the jury, after the state had rested, for a month's continuance "to prepare a defense;" and finally, again in the absence of the jury, to object generally to the trial and to the absence of his legal advisor. Langley also communicated with the judge on occasions by a telephone hook-up to a video room where Langley was taken after he walked out of the trial. Therefore, except for brief appearances by Langley, the trial proceeded without him and without any representative for him being present. Through the video hookup Langley viewed and heard the proceedings.

Generally a criminal defendant has a constitutional right to conduct his own defense, however, such a waiver of counsel must be made "knowingly and intelligently." *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *accord, State v. Clayton*, 100 Idaho 896, 606 P.2d 1000 (1980). Further, the United States Supreme Court has noted that the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. at 835, 95 S.Ct. at 2541, *quoting Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942). The standard to be applied in determining whether there has been a valid waiver of the right to counsel is whether there has been a knowing and intelligent relinquishment of a known right, and such determination rests on the facts of each individual case, including the background, experience and conduct of the defendant. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *accord State v. Ruth*, 102 Idaho 638, 637 P.2d 415 (1981).

The right to counsel is considered so important that a trial judge's clear and recorded statement of the right followed by the defendant's affirmative waiver will not necessarily compel a finding of intelligent waiver. *Bement v. State*, 91 Idaho 388,

422 P.2d 55 (1966). A penetrating and comprehensive examination of all the circumstances involved in a waiver of counsel must be conducted by the trial judge. *Bement v. State, supra.* See also, *Cohen v. State,* 97 Nev. 166, 625 P.2d 1170 (1981); *State v. Chavis,* 31 Wash.App. 784, 644 P.2d 1202 (1982). This examination should make the defendant aware of the problems inherent in self-representation so that a waiver of counsel is knowingly and intelligently made. *State v. Clayton, supra.* However, the validity of the waiver of the right to counsel is based not on the question of the defendant's legal skill and experience in determining his ability to represent himself, but whether the defendant has made a knowing and voluntary relinquishment of his right to counsel. *Faretta v. California, supra.* See also, *State v. Fayle,* 134 Ariz. 565, 658 P.2d 218 (App. 1982); *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980); *State v. Jessup,* 31 Wash. App. 304, 641 P.2d 1185 (1982).

Our Legislature has enacted additional requirements which must be satisfied before a waiver of counsel is accepted. Idaho Code § 19–857 provides:

A person who has been appropriately informed of his right to counsel may waive in writing, or by other record, any right provided by this act, if the court concerned, at the time of or after waiver, *finds of record* that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, education, and familiarity with the English language and the complexity of the crime involved. [Emphasis added.]

■ In the present case, the record indicates that the district judge did not make a finding at any point in the record that Langley acted with full awareness of his rights and the consequences of a waiver. Further the record fails to establish that the district court considered the applicable factors in the statute, such as Langley's education and the complexity of the crime involved. In addition the record fails to indicate that Langley fully understood the dangers and disadvantages of self-representation. *Faretta v. California, supra.*

We hold that both the statute and case law taken together require that a trial court address the defendant personally and determine on the record that the demand to waive counsel is competently and intelligently made with an understanding of the nature of the crime and punishment involved. See *U.S. v. Dujanovic,* 486 F.2d 182 (9th Cir.1973). In determining whether the waiver of right to counsel was intelligently given, the district court must consider the particular facts in each case, as well as the factors enumerated by I.C. § 19–857 concerning the background of the defendant and make appropriate findings on the record.

■ The appointment of standby counsel does not mitigate the district court's failure to examine Langley and make findings pursuant to I.C. § 19–857. It is permissible—indeed it is advisable—to appoint standby counsel to be present in the courtroom in the event that the defendant needs and requests assistance. *State v. Clayton, supra.* In this case, Langley did request standby counsel and such counsel was appointed to him. However, waiver of the right to counsel is required despite the presence of court appointed legal advisors for a defendant who wishes to proceed pro se. *State v. Barker,* 35 Wash.App. 388, 667 P.2d 108 (Wash.App.1983). Moreover, here, when the case came to trial, Langley's standby counsel was not present. The reasons for his absence are not disclosed in the record although Langley argues that the attorney was then involved in another trial. We suggest that the trial judge should have taken steps to assure that the appointed standby counsel would remain available if Langley was absent from the trial for any reason. This could have been communicated to Langley before the trial began. *See,* IDAHO TRIAL JUDGES MANUAL § 6.37 (revised September, 1979). Returning to the record in this case, we conclude that it does not

demonstrate that Langley's waiver was made knowingly and intelligently. The conviction must be reversed and remanded for a new trial.

Langley has raised other issues on appeal which we will briefly discuss so that, on remand, the questions will not need to be readdressed. The first is Langley's contention that his pre-arrest identification and a later confrontation between Langley and prosecution witnesses somehow tainted the identification made of defendant by victims of the crime. Langley asserts that the district court erred in refusing to grant his motion to suppress that testimony of the victims identifying Langley as the robber. However, we are presented with no meaningful or persuasive argument on this issue. We are left to speculate what the alleged defects were in the initial photographic identification. We can only conclude that there is no merit to this issue.

Langley has also argued, as he did repeatedly in the district court, that the prosecuting attorney procured Langley's extradition from Utah to Idaho through the use of illegal documents and procedure. It is apparent from the record that Langley made the same contention in at least one and perhaps two separate habeas corpus proceedings in the magistrate division, one of which he appealed to district court. We have examined the record and the arguments he has made, both in the district court and in his briefs on appeal. We not only conclude that no irregularities have been shown in the extradition process, but even if such irregularities occurred, Langley has not cited any convincing authority holding that errors in the extradition process would deprive the district court of jurisdiction to try and to convict him. We hold this issue is without merit.

We have examined each of the other issues raised by Langley in his two appellate briefs. In view of our decision to vacate the conviction and remand for a new trial, we see no need to discuss these issues.