864 P.2d 663

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Walter John LINDSAY, Defendant–Appellant.**

**No. 20034.**

Court of Appeals of Idaho.

Nov. 26, 1993.

Bruce H. Greene, Sandpoint, argued for appellant.

Larry EchoHawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, argued for respondent.

LANSING, Judge.

Walter John Lindsay pled guilty to felony grand theft by possession, I.C. § 18-2403(4), in 1990 and was placed on probation for five years. Lindsay's probation was revoked in 1992 for failure to make required restitution payments and for providing false information to the court and his probation officer. Lindsay appeals from the order revoking his probation. Because we conclude that the proceedings below were conducted in derogation of Lindsay's right to counsel, we vacate the order revoking probation and remand this case for a new hearing on the alleged probation violation.

After Lindsay pled guilty to the above-mentioned charge, he was sentenced to a unified term of forty-two months with a minimum period of confinement of eighteen months. The court suspended the sentence and ordered Lindsay to serve a five-year period of probation, to pay court costs and attorney fees and to pay restitution to the victims in the amount of $4,300. Lindsay agreed to a payment schedule providing for monthly payments of $100.

In July of 1990, shortly after the sentencing, a probation violation report was filed with the court alleging that Lindsay had failed to make the required restitution payments. At the hearing on that violation Lindsay appeared with an attorney. After taking evidence the district court found

that Lindsay was actually current in his payments through September 1990. Therefore, he was not adjudged to have violated terms of his probation.

In November of 1991, a second probation violation report was filed, again alleging that Lindsay was not making the required restitution payments. At a hearing in January 1992 on this second alleged violation, Lindsay appeared without an attorney. After being advised of his right to be represented by either retained counsel or a court-appointed attorney, Lindsay proceeded with the hearing *pro se.* Lindsay then represented to the court that he had made all of the required restitution payments except one, and that he had receipts documenting these payments, although he was unable to produce the receipts at the hearing. The state then moved to dismiss the probation violation proceeding based upon Lindsay's representation that he would produce the receipts within thirty days.

The state filed a third probation violation report in March 1992, alleging that with the exception of two payments in July 1991 and January 1992, Lindsay had failed to make any restitution payments due after September 1990. The report also alleged that Lindsay had failed to produce the receipts that he had claimed to possess during the January 1992 hearing. On April 27, 1992, the court held a hearing on this third violation report, at which time Lindsay again appeared without an attorney. After being advised of his right to retain counsel, and his right to court-appointed counsel if he qualified, Lindsay indicated he wished to retain a private attorney. Consequently, the court continued the hearing to May 11, 1992, to allow Lindsay an opportunity to engage an attorney. At the conclusion of the April 27, 1992 hearing, the following colloquy occurred between the court and Lindsay:

THE COURT: I will remind you and your lawyer that when you come back to court we have gone through all the preliminaries.

MR. LINDSAY: Yes, sir.

THE COURT: So, we're not going to address these preliminaries again. When you come back, we are going to hold a hearing.

MR. LINDSAY: Yes, sir.

THE COURT: Any questions about that?

MR. LINDSAY: No, sir.

THE COURT: Any questions about your rights that you have?

MR. LINDSAY: No, sir.

At the May 11, 1992, hearing Lindsay appeared once again without an attorney. At that time the court inquired of Lindsay whether he had counsel, and Lindsay informed the court that he had been unable to contact his attorney. Without any further inquiry about Lindsay's desire or ability to retain counsel or about his financial qualification for a court-appointed attorney, the court conducted the evidentiary hearing and determined that Lindsay was in violation of his probation. The court revoked Lindsay's probation and ordered execution of the suspended sentence.

It is from this order that Lindsay appeals, asserting two errors. First, he argues the court erred because the court did not again advise Lindsay of his right to counsel at the May 11 hearing and proceeded with the hearing when Lindsay had neither obtained representation nor waived his right to counsel. Second, Lindsay contends there was insufficient evidence to support the district court's finding that he had violated his probation.

■ We consider first Lindsay's argument that he was deprived of his right to be represented by an attorney and the state's counter-argument that Lindsay waived or forfeited his right to counsel.

■ A criminal defendant has the constitutional right to assistance of counsel at all critical stages of the criminal process. *State v. Ruth,* 102 Idaho 638, 641, 637 P.2d 415, 418 (1981); *State v. Blevins,* 108 Idaho 239, 242, 697 P.2d 1253, 1256 (Ct.App.1985). In addition, Idaho law confers a statutory right to counsel. Idaho Code § 19–852 provides that a needy person is entitled to be represented by court-appointed counsel to the same extent that a person having his own attorney is so entitled, and this right

applies "at all stages of the matter beginning with the earliest time when a person providing his own counsel would be entitled to be represented by an attorney and including revocation of probation...." Our Supreme Court has held that the Sixth Amendment right to counsel under the United States Constitution includes the right to be represented by retained counsel at a probation revocation hearing, and that the right to appointed counsel conferred by I.C. § 19–852, therefore, also extends to probation proceedings. *State v. Young,* 122 Idaho 278, 833 P.2d 911 (1992).[1] Hence, a defendant is entitled to legal representation during probation revocation proceedings regardless of whether the defendant is indigent or can afford private counsel.

In light of these constitutional and statutory rights, and in the absence of a waiver, Lindsay was entitled to be represented by private counsel at the probation revocation hearing on May 11, 1992, and if he could not afford a private attorney he was entitled to court-appointed counsel.

▮▮ A waiver of the right to counsel is valid only if it was effected knowingly, voluntarily and intelligently. *State v. Ruth,* 102 Idaho at 642, 637 P.2d at 419; *United States v. Wadsworth,* 830 F.2d 1500 (9th Cir.1987). The burden is upon the state to show that a waiver of a constitutional right was voluntary, knowing and intelligent. *State v. Culbertson,* 105 Idaho 128, 130, 666 P.2d 1139, 1141 (1983); *State v. Wuthrich,* 112 Idaho 360, 364, 732 P.2d 329, 333 (Ct.App.1986). We examine the totality of the circumstances in determining whether a waiver is valid. *Buzo,* 121 Idaho at 327, 824 P.2d at 902; *State v. Mitchell,* 104 Idaho 493, 660 P.2d 1336 (1983).

▮▮ Questions regarding whether a defendant's waiver of the right to counsel was voluntary, knowing and intelligent are essentially questions of fact turning upon the defendant's state of mind. *State v.*

*Spradlin,* 119 Idaho 1030, 1035, 812 P.2d 744, 749 (Ct.App.1991); *Blevins,* 108 Idaho at 243, 697 P.2d at 1257. These issues, however, "possess such constitutional significance" that they require independent review on appeal. *Id.; Buzo,* 121 Idaho at 327, 824 P.2d at 902; *Wuthrich,* 112 Idaho at 363, 732 P.2d at 332. Therefore, we review this issue *de novo.*

▮▮ Idaho Code § 19–857 addresses procedures to be followed when a waiver of counsel is considered by the court. It provides:

A person who has been appropriately informed of his right to counsel may waive in writing, or by other record, any right provided by this act, if the court concerned, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, education, and familiarity with the English language and the complexity of the crime involved.

This statute requires that the district court make a factual finding that the defendant is acting with full knowledge and awareness of the consequences of proceeding without counsel. *State v. Langley,* 109 Idaho 119, 122, 705 P.2d 1074, 1077 (Ct. App.1985).

▮▮ The court below made no finding of a knowing and informed waiver as contemplated by I.C. § 19–857, and it is apparent from the record that there is no factual basis for such a finding. Lindsay had indicated at the April 27 hearing that he wished to engage private counsel. At the May 11 hearing, Lindsay gave no indication that he intended to waive that right; rather he merely stated that he was unable to contact his attorney.

▮▮ The state argues, however, that a finding by the district court should only be

---

**1.** Thus, under the Idaho Supreme Court's decision in State v. Young, the case-by-case approach to the right to appointed counsel in probation revocation hearings defined by the United States Supreme Court in Gagnon v. Scar-

pelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656, 666 (1973), and referred to by this Court in State v. Buzo, 121 Idaho 324, 326, 824 P.2d 899, 901 (Ct.App.1991), is inapplicable in Idaho.

required where the defendant expressly waives the right to counsel. Lindsay, it contends, did not expressly waive his right to counsel, but rather impliedly waived or "forfeited" that right by appearing at the May 11 hearing without an attorney after having been given the opportunity to retain one. The state relies on *United States v. Fowler*, 605 F.2d 181 (5th Cir.1979); *United States v. Gates*, 557 F.2d 1086 (5th Cir.1977); and *United States v. Leavitt*, 608 F.2d 1290 (9th Cir.1979), as well as cases from numerous state jurisdictions holding that a trial court need not grant a continuance to allow the defendant to obtain counsel or to allow retained counsel to prepare for trial where ample opportunity to do so has already been afforded. Those decisions generally turn on a determination that the defendant's continued failure or refusal to obtain counsel was a dilatory tactic used to frustrate the criminal process. In such cases, the courts have concluded that a defendant's lack of diligence in securing private counsel will not be allowed to hinder the efficient administration of justice.

■■■ Our Supreme Court addressed the state's argument in *State v. [Dennis] Brown*, 98 Idaho 209, 560 P.2d 880 (1977). In that case, Brown requested at his sentencing hearing that his court-appointed counsel be allowed to withdraw and that other counsel be substituted. At the time Brown had not retained new counsel. The district court informed Brown that it intended to impose sentence that day whether Brown was represented by counsel or not, and then asked whether he still wished to allow his current attorney to withdraw. Brown consented to his attorney's withdrawal, and the court proceeded with sentencing. The Supreme Court found that Brown's right to counsel was violated because there was no evidence that he had waived the right. The Court acknowledged that a defendant should not be permitted to indefinitely postpone criminal proceedings by repeatedly changing counsel or appearing at hearings unrepresented, but the Court also held that a request for additional time to obtain counsel would not be deemed a waiver in the absence of evidence

that the defendant was engaging in dilatory conduct. The Court stated:

> [I]n the absence of a knowing, intelligent and voluntary waiver of the right to counsel, the district court may not proceed with the sentencing hearing when the defendant is not represented by counsel without some evidence or finding that the defendant has discharged his counsel in order to delay or hinder the judicial process. The record here does not support such a conclusion.

98 Idaho at 212, 560 P.2d at 883. Thus, while a criminal defendant may be deemed to have waived the right to counsel by continued dilatory tactics, the *Brown* decision clearly requires either that the trial court make a finding to that effect or that it be apparent from the record.

We considered a similar circumstance in *[Mark] Brown v. State*, 108 Idaho 655, 701 P.2d 275 (Ct.App.1985). In that case the defendant discharged his attorney one week before sentencing, and the trial court warned him that the sentencing hearing would proceed as scheduled regardless of whether he was able to retain new counsel. When the defendant appeared at sentencing unrepresented and indicated a desire for appointed counsel, the court proceeded with sentencing. We held that the defendant had not waived his right to counsel and that his discharge of his attorney and his appearance without counsel did not give rise to an inference of dilatory tactics.

In the instant case, as in the two *Brown* decisions, there is insufficient evidence in the record to establish a waiver of the right to counsel. It is clear that at least as of April 27, Lindsay intended to be represented by an attorney. When he informed the trial court on May 11 that he had been unable to contact his private attorney, the court did not inquire about the extent, genuineness, or timing of Lindsay's efforts to obtain representation, nor did the court ask Lindsay whether he still desired or had the ability to engage private counsel. The court made no finding that Lindsay was attempting to hinder or delay the proceeding, and there was not sufficient evidence

upon which such a finding could properly have been made.

On this record we cannot conclude that Lindsay waived his right to counsel merely by appearing at the May 11 hearing without an attorney. Therefore, we vacate the order of the district court revoking Lindsay's probation and remand this case for a new hearing on the alleged probation violation.

In light of the foregoing disposition, we need not consider Lindsay's second argument that there was insufficient evidence to support the court's finding of a violation of the terms of probation.

WALTERS, C.J., and PERRY, J., concur.