IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42258

| TYLER SHAWN CLAPP, | ) | 2015 Unpublished Opinion No. 503 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 26, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of the district court summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Tyler Shawn Clapp appeals from the judgment of the district court summarily dismissing his amended petition for post-conviction relief. He argues that the district court dismissed two claims on grounds different from those asserted by the State in its motion for summary dismissal, and therefore without the required notice. He also argues that the district court erroneously dismissed one of the claims. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

Underlying this post-conviction relief action, Clapp pled guilty to felony driving under the influence and was, at some point, on probation with a suspended sentence. After Clapp violated his probation, the trial court revoked Clapp's probation and executed a reduced sentence, granted sua sponte pursuant to Idaho Criminal Rule 35. Clapp filed his own Rule 35

1

motion seeking further reduction of his sentence, but that motion was denied. Clapp appealed, arguing that his sentence was excessive and that the trial court should have further sua sponte reduced his sentence; this Court affirmed in *State v. Clapp*, Docket No. 39389 (Ct. App. Nov. 13, 2012) (per curiam) (unpublished).

Clapp then filed a pro se petition for post-conviction relief and, after counsel was appointed to represent him, filed an amended petition for post-conviction relief. The amended petition alleged five claims, including claims of ineffective assistance of defense counsel and appellate counsel. The State moved for summary dismissal, and the district court granted the State's motion. Clapp appeals.

## II.

## ANALYSIS

On appeal, Clapp argues that the district court erred by summarily dismissing his amended petition for post-conviction relief. Specifically, Clapp contends that the court erred by dismissing his ineffective assistance of defense counsel claim on grounds different from those asserted by the State, and therefore without the required notice. Clapp also asserts that the court erred by dismissing his ineffective assistance of appellate counsel claim on grounds different from those asserted by the State, and therefore without the requisite notice, and further avers that this claim was erroneously dismissed.

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere

2

conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Where the State has filed a motion for summary disposition, but the court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide twenty days' notice. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). If the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

## A.     Ineffective Assistance of Defense Counsel

In his amended petition, Clapp argued that defense counsel failed to properly investigate and obtain mental health treatment records and an updated mental health evaluation, prior to the disposition hearing. The State's memorandum in support of its motion for summary dismissal asserted that Clapp's claim "that his counsel was ineffective in not obtaining or investigating medical record[s] requested by [Clapp]" was disproven by the trial record. Further, the State articulated that Clapp agreed to use a prior mental health evaluation at the probation revocation hearing. The district court dismissed this claim after reviewing the underlying trial record, determining that "Clapp waived his right to an updated [pre-sentence investigation report] in open court after consultation with his attorney" and noting that "prior to [the disposition hearing], the Court had all the information Mr. Clapp felt was necessary to make the existing pre-sentence material complete."

On appeal, Clapp argues that the grounds asserted by the district court were different than those offered by the State for dismissing the portion of the claim relating to defense counsel's alleged failure to obtain mental health treatment records.[1] The State argues that the district court dismissed the claim based on the reasoning asserted by the State below, namely that the trial record disproved the claim.

---

[1]     In his reply brief, Clapp concedes that "the trial court dismissed the portion of the claim dealing with failure to request an updated mental health evaluation on the same basis as argued by the [S]tate."

3

Initially, we note that because there was one claim (asserting different theories or means of ineffective assistance), the district court's dismissal of the claim based in part on the grounds asserted by the State satisfies the notice requirement. *See Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010). ("When a trial court summarily dismisses an application for post-conviction relief based in part on the arguments presented by the State, this is sufficient to meet the notice requirements."). Even so, the district court dismissed the portion of the claim concerning the alleged failure to obtain mental health treatment records after reviewing the trial record; it noted that Clapp had informed the trial court at the probation revocation hearing of his mental health treatment and progress in reducing his alcohol consumption, which the district court understood to be the "information these records would have conveyed." Effectively, the district court adopted the State's reasoning, although it expounded upon why the trial record disproved the allegation that defense counsel was ineffective in not obtaining Clapp's mental health treatment records. Therefore, Clapp was provided the requisite notice.

**B.      Ineffective Assistance of Appellate Counsel**

Clapp also contended in his amended petition that appellate counsel provided ineffective assistance. Specifically, Clapp averred that he "informed appellate counsel that he wished to challenge the court's reliance upon [unreliable evidence]" and asserted that he "asked appellate counsel to challenge the sentence on due process grounds and for a challenge to the denial of his Rule 35 motion," but that appellate counsel did not raise these issues on appeal. The State's memorandum in support of its motion for summary dismissal argued that the claim was bare and conclusory without any showing of prejudice and without evidence to support the assertions. The district court dismissed the claim, assuming that Clapp requested appellate counsel to raise the issues, but finding that "no prejudice has been, or could be, shown as a result of these issues being forfeited."

On appeal, Clapp maintains that the district court dismissed the claim on grounds different from those asserted by the State. However, the district court's order adopted the State's argument concerning the lack of prejudice, although the district court expanded upon why prejudice had not been shown. For example, the district court explained that it found the alleged unreliable evidence credible and determined there was substantial evidence of the conduct at issue and asserted that it could rely on this evidence. Thus, the ineffective assistance of appellate

4

counsel claim was dismissed upon the grounds asserted by the State, and Clapp received the requisite notice.

Clapp also argues on appeal that the State was not entitled to judgment as a matter of law and that there was a genuine issue of material fact for his claim. As this Court explained in *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007), a post-conviction petitioner's ineffective assistance of appellate counsel claim is subject to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). That is, a petitioner must demonstrate that appellate counsel provided deficient performance and show that he was prejudiced by the deficient performance. *See Mintun*, 144 Idaho at 661, 168 P.3d at 45. Where counsel files an appeal but fails to raise a particular issue, it is difficult to show deficient performance. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To overcome the presumption of competent performance, the petitioner must show that the "ignored issues are clearly stronger than those presented." *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that the outcome of the appeal would have been different had appellate counsel raised the issue. *See Mitchell v. State*, 132 Idaho 274, 277, 971 P.2d 727, 730 (1998).

Clapp asserts that appellate counsel provided ineffective assistance by not arguing that Clapp's right to due process was violated when the trial court in the disposition hearing relied upon evidence that Clapp asserts is unreliable.[2] The alleged unreliable evidence particularly identified by Clapp in his amended petition was a "claim that []he was 'driving a lot' as reported by his probation officer." Based on the record, which includes a copy of the transcript of the disposition hearing, the trial court remarked that Clapp had been driving regularly, and this comment appears to have derived from a note in the probation officer's sworn report of

---

[2]     Although Clapp asserted alternative theories of ineffective assistance of appellate counsel in the amended petition concerning counsel's failure to challenge the sentence on due process grounds and failure to challenge the denial of his Rule 35 motion, on appeal he does not explicitly argue that the district court erred by dismissing these theories. Rather, Clapp's arguments focus on the alleged unreliable evidence. Indeed, Clapp's issue statement reads, "Did the district court err in dismissing Mr. Clapp's fifth cause of action because the allegation that Mr. Clapp had been driving was not supported by sufficiently reliable evidence and thus should have been challenged on appeal."

probation violation.[3]  In that report, the probation officer remarked that Clapp had told her that he had been driving without a license "a lot," which the probation officer understood to be a violation of Clapp's probation.

The State contends that Clapp has not shown that there is a Sixth Amendment right to counsel (and effective assistance) in a probation revocation proceeding.[4]  Alternatively, the State argues that Clapp did not demonstrate either deficient performance or prejudice, correctly noting that because there was no objection in the trial court, the issue concerning the alleged unreliable evidence could have been asserted on appeal only as a claim of fundamental error.  *See State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010).  Rather than address the State's first argument, we *assume* for purposes of this opinion that counsel at probation revocation proceedings and on appeal must provide constitutionally effective assistance.  Thus, we examine whether Clapp set forth a prima facie case of ineffective assistance.  Like the district court, we

---

[3]     At the disposition hearing, the trial court expressed its concern with Clapp's driving:

> But the fact of the matter is that I have got to be concerned about more than just your rehabilitation.  Every time you get intoxicated, and in terms of probation violations here, you didn't make the CAP aftercare, *and then driving in your father's truck regularly*.  Now, it is only one small step to driving the truck regularly and driving the truck intoxicated.  You weren't supposed to be driving a vehicle.  And you are putting not only yourself at risk when you do that, you are putting the public at risk as well.

(emphasis added).

[4]     In *Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973), the United States Supreme Court addressed whether a probationer had a due process right to appointed counsel in probation revocation proceedings.  The Court held that due process may require such an appointment on a case-by-case basis.  *See id.* at 788-91.  In *State v. Young*, 122 Idaho 278, 282, 833 P.2d 911, 915 (1992), the Idaho Supreme Court explained that indigent probationers have the right to appointed counsel under an Idaho statute, but that there was a federal constitutional right to be represented by retained counsel at probation revocation proceedings).  *See also State v. Lindsay*, 124 Idaho 825, 828, 864 P.2d 663, 666 (Ct. App. 1993) (characterizing *Young* as finding a Sixth Amendment right to representation by retained counsel).  To date, neither this Court nor the Idaho Supreme Court has addressed the specific argument advanced by the State concerning whether counsel in probation revocation proceedings are bound to provide constitutionally effective assistance; therefore, we leave that issue for another day.

6

turn to the prejudice prong. *See Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010) (addressing the prejudice prong without considering whether counsel was deficient).[5]

Here, based on the trial court's apparent reference to the probation officer's report, the report is an out-of-court statement utilized for truth of the matter asserted in the report and is hearsay, Idaho Rule of Evidence 801(c), even though Clapp's statement inside the report is not hearsay, I.R.E. 801(d)(2). Although the rules of evidence do not apply in probation revocation proceedings, I.R.E. 101(e)(3), due process guarantees apply in probation revocation proceedings, *Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973). Therefore, even though a court may consider hearsay evidence in probation revocation proceedings, due process requires hearsay evidence to be reliable. *See, e.g., United States v. Hall*, 419 F.3d 980, 987-88 (9th Cir. 2005) (considering the reliability of hearsay evidence at a probation revocation hearing); *United States v. Walker*, 117 F.3d 417, 420 (9th Cir. 1997) (noting that reliable hearsay was admissible in revocation proceedings, whether revocation of probation or supervised release); *cf. State v. Reid*, 151 Idaho 80, 89-90, 253 P.3d 754, 763-64 (Ct. App. 2011) (discussing due process requirements for hearsay considered at sentencing and remarking on the reliability of the evidence).

Had appellate counsel challenged the trial court's apparent reference to the probation officer's report and Clapp's statement in the report, an appellate court would likely conclude that the report satisfied the minimal indicia of reliability and that the trial court's reference to the report was not fundamental error. This is because the probation officer's report containing her note about what Clapp told her was sworn by her to be true. Thus, there is not a reasonable probability that the outcome of the appeal would have been different. Accordingly, Clapp did not demonstrate prejudice, and his claim was subject to summary dismissal. *See DeRushé*, 146 Idaho at 603, 200 P.3d at 1152 (2009) (explaining that a claim will be subject to summary dismissal if the petitioner did not establish a prima facie case for each element).

---

[5] Although we do not rely upon this basis in affirming the dismissal of the ineffective assistance of appellate counsel claim, the State could have moved the district court to summarily dismiss the claim on another basis. In *Mintun v. State*, 144 Idaho 656, 662, 168 P.3d 40, 46 (Ct. App. 2007), this Court affirmed the summary dismissal of a claim asserting ineffective assistance of appellate counsel for failing to raise an issue of fundamental error. This Court explained that such an issue should be raised as ineffective assistance of defense counsel, and that the failure to raise an issue of fundamental error on appeal was not a basis for ineffective assistance of appellate counsel. *Id.*

### III.
### CONCLUSION

The district court relied upon the grounds asserted by the State's motion for summary dismissal, at least in part, in dismissing the ineffective assistance of defense counsel claim. The ineffective assistance of appellate counsel claim was dismissed based upon the grounds asserted by the State's motion. Accordingly, Clapp received the requisite notice prior to the dismissal of the claims. Finally, the district court did not err by dismissing the ineffective assistance of appellate counsel claim relating to the failure to raise an issue of fundamental error, because Clapp did not demonstrate prejudice. Thus, we affirm the judgment of the district court summarily dismissing Clapp's amended petition for post-conviction relief.

Chief Judge MELANSON and Judge LANSING **CONCUR**.