463 P.2d 932

Rulon SWENSEN, Jack M. Barney and John Bastida, Board of County Commissioners of Ada County, Idaho, Plaintiffs-Respondents,

v.

BUILDINGS, INC., a corporation, Defendant-Appellant.

No. 10573.

Supreme Court of Idaho.

Jan. 20, 1970.

Eberle & Berlin, T. H. Eberle, Boise, for defendant-appellant.

Ellison M. Matthews, Pros. Atty. of Ada County, Alan M. Schwartzman, Deputy Pros. Atty., and Robert W. Green, Special Pros. Atty., Boise, for plaintiffs-respondents; Richard H. Greener, Asst. Atty. Gen., Boise, Gerald W. Olson, Pocatello, and J. Ray Cox, Coeur d'Alene, for amici curiae.

SPEAR, Justice.

The facts in this case are undisputed, having been stipulated by counsel, and the pertinent ones are as follows:

Respondents, in their capacity as the Board of County Commissioners of Ada County, entered into a contract on March 7, 1969 with the appellant under which the latter would construct fairground buildings on land presently owned by Ada County, and lease them to the county. The particular buildings and facilities would include a grandstand, stables, barns, and associated facilities for race track purposes, which would be constructed and installed in accordance with plans and specifications approved by the respondent Board.

Upon approval of the specifications and plans, the parties were bound under the contract to enter into a lease agreement, the essential elements of which were to be: that the lease should extend 20 years; that the monthly rental amount should be a percentage (.0086230935) of the market value of the contracted facilities "plus the cost of the land"; that the County was to pay all ad valorem taxes, special assessments, and insurance premiums paid by the lessor; that the County lessee should keep the equipment, buildings and facilities insured to their full insurable value, and in addition, carry liability insurance for the same in the sum of $300,000 for injury or death to any one person, in the sum of $500,000 for any one accident, and in the sum of $50,000 for property damage; that title to the facilities should remain in the lessor, Buildings, Inc.; that each month's rent should accrue "only in consideration of the *right* of lessee to possess" (emphasis added); that the lessee had an option to purchase the facilities during the term of the lease by paying an amount equal to all unpaid rent to the end of the term, together with a sum equal to one-tenth of one per cent of the original contract price; and that at the end of the lease term, if the option is not exercised, the lessee should return possession of the facilities to the lessor.

After entering into the contract, appellant, allegedly fearful of the unconstitutionality of the agreement, refused to perform. On March 10, 1969, three days after

the signing of the contract, respondent brought suit to obtain a declaratory judgment on the question of the constitutionality of the contract. The court found that the contract was authorized under I.C. §§ 31–807, 31–822 and 31–1001. It further found that such rent constituted an "ordinary and necessary expense authorized by the general laws of the state," and as such, was exempted by Art. VIII, § 3 of the Idaho Constitution from the general provisions of that same section of the Constitution pertaining to indebtedness or liability.

From that decision, the appellant has perfected this appeal.

In his brief submitted as a "friend of the Court," amicus curiae contends that the lower court erred in concluding that the Agreement for Lease of Building, Plaintiff's Exhibit 1, complies with I.C. § 31–1001 giving the respondent authority to lease fairground buildings and facilities.

An examination of the record establishes the merit of amicus curiae's contention, and such finding necessitates the reversal of the lower court's decision.

It is evident from a reading of I.C. § 31–1001 [1] that any lease, contract, or agreement to lease fairground buildings or facilities must be let subject to the provisions of chapter 40 of Title 31. I.C. §§ 31–4002 [2] and 31–4003 [3] specifically provide that a contract may be granted by the county to another for an amount exceeding $2,500 only after the county has solicited and received competitive bids for the contract, and that such contract shall then be granted to the lowest responsible bidder.

■ The language in the statutes cited above is neither ambiguous nor uncertain, and it is well established that where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction. Blue Note, Inc. v. Hopper, 85 Idaho 152, 377 P.2d 373 (1962); State v. Riley, 83 Idaho 346, 362 P.2d 1075 (1961); Tway v. Williams, 81 Idaho 1, 336 P.2d 115 (1959); Moody v. State Highway Department, 56 Idaho 21, 48 P.2d 1108 (1935); State v. Jutila, 34 Idaho 595, 202 P. 566 (1921).

1. "31–1001. Erection of buildings—Furnishing of offices—Contracts—Lease of premises for courthouse or jail—Books and stationery.—The board must cause to be erected or furnished, a courthouse, jail and such other public buildings as may be necessary, and must, when necessary, provide offices with necessary furniture for the sheriff, clerk of the district court and ex officio auditor and recorder, county treasurer, prosecuting attorney, probate judge, county assessor and county surveyor, and must draw warrants in payment of the same: provided, that the contract for the erection of any such buildings must be let, after thirty (30) days' notice for proposals, to the lowest bidder who will give security for the completion of any contract he may make respecting the same; and, provided further, no contracts for the purchase of furniture must be let under the provisions of this section when the expenses thereunder will exceed $1000. And, provided further, that no part of the provisions of this section shall be construed to prevent the board of county commissioners, from entering into a lease for courthouse premises, rooms and jail for any period in their discretion, not to exceed twenty (20)

years, and provided that the county commissioners may contract with responsible parties for the leasing of a courthouse, jail and hospital, or a combination of courthouse, jail and hospital, or fairground buildings and facilities, to be constructed upon premises owned by the county or otherwise, *provided that said contract shall be let subject to the provisions of chapter 40 of this title; * * "* (emphasis added)

2. "31–4002. Expenditure defined.—As used in this act, 'expenditure' means the granting of a contract, franchise or authority to another by the county, and every manner and means whereby the county disburses county funds or obligates itself to disburse county funds; provided, however, that 'expenditure' does not include disbursement of county funds to any county employee, official or agent or to any person performing personal services for the county."

3. "31–4003. Expenditures for which bids required.—When the expenditure contemplated exceeds $2,500, it shall be contracted for and let to the lowest responsible bidder."

There is no showing in the record that the agreement to lease involved herein, Exhibit 1, contemplates an expenditure of less than $2,500, which would render I.C. § 31–4003 inapplicable. Moreover, since the fairground facilities to be leased include a grandstand, stables, barns and associated facilities, common sense would indicate the 20-year lease involved much in excess of $2,500. There is also no showing in the record that I.C. §§ 31–1001 and 31–4003 were complied with, i. e., that bids for the lease herein discussed were "let" and that appellant was the lowest responsible bidder. Even though the lower court stated in its findings of fact that the contract (the Agreement for Lease of Building) was "admittedly in accordance with Chapter 40 of Title 31," the oral argument of counsel before this court indicated otherwise. The record is otherwise silent concerning compliance or non-compliance. Since the record is not clear, this case must be remanded to the lower court for a specific determination of whether the Board complied with the provisions of I.C. Chapter 40, Title 31 in letting the lease contract (Exhibit 1) with appellant.

Because of our decision to reverse the lower court's ruling on the grounds specifed herein, we refrain from discussing the other assignments of error and constitutional questions raised by the appellant and amici curiae. As this court has held previously, the constitutionality of a statute will not be passed on unless it is absolutely necessary for a determination of the merits of the case. Hill v. Schultz, 71 Idaho 145, 227 P.2d 586 (1951); Twin Falls Canal Co. v. Huff, 58 Idaho 587, 76 P.2d 923 (1938).

The judgment of the lower court is reversed and the cause remanded to the district court for further proceedings consonant herewith. Costs to appellant.

McFADDEN, C. J., and McQUADE, DONALDSON and SHEPARD, JJ., concur.