833 P.2d 911

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael E. YOUNG, Defendant–Appellant.**

No. 19106.

Supreme Court of Idaho,
Boise, March 1992 Term.

June 24, 1992.

Daniel P. Featherston, Sandpoint, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

BISTLINE, Justice.

We are called upon to determine whether the district court erred in not providing Michael E. Young with appointed counsel at a probation revocation hearing. Concluding that the failure to do so was error, we reverse and remand for further proceedings.

## BACKGROUND

Young pleaded guilty to one count of drawing a check without sufficient funds. The court imposed a twenty-four month sentence with a nine month minimum term, but suspended the execution of the sentence and placed Young on probation. Among the conditions of probation were that Young not violate any laws, that he not drink alcoholic beverages, and that he submit to urinalysis.

A report of probation violation was filed by Young's probation officer. The officer alleged that Young's urine had tested positive for cocaine, that Young had been seen drinking alcohol and that he had been arrested in Coeur d'Alene for possession of cocaine. The probation officer recommended to the court that it revoke appellant's probation and commit him to the Department of Corrections.

The district court issued a bench warrant and set a hearing for Young to show cause why his probation should not be revoked. On November 13, 1990, Young was transported from the Kootenai County jail to the Boundary County jail so he could attend the revocation hearing.

At the hearing, the following exchange occurred:

THE COURT: Are you Michael Edward Young?

MR. YOUNG: Yes, sir.

THE COURT: The State is represented by Randall Day. The Defendant appears today without counsel.

The purpose of this hearing is to follow up the issuance and service of a Bench Warrant on you, Mr. Young.

Have you received a copy of the reported violation dated October 23, 1990?

MR. YOUNG: Yes.

THE COURT: You have?

MR. YOUNG: Yes.

THE COURT: Okay. You have been charged with violating your probation and you have certain rights when that happens.

First, you have the right to have notice of the violations and that is accomplished by providing you with a copy of the reported violation. Have you been able to review it?

MR. YOUNG: Yes.

THE COURT: You don't have any difficulty reading it or understanding it?

MR. YOUNG: No, sir.

THE COURT: And you have the right to contest the allegations in this report, if you wish to. And in a little while I will request you to advise me whether you admit or deny violating the rules that they say you violated.

If you desire to deny these allegations, then a hearing will be held and at that time the State will have to prove the allegations.

And at that hearing you will have the right to confront any witnesses the State calls to prove the violations.

You also have the right to have a lawyer at your expense at that hearing, if you wish.

You have the right to have a lawyer at public expense only under certain limited circumstances. And before I make a determination of whether you would have the right to have a lawyer at public expense, you have to tell me why you want a lawyer. Why you believe you need a lawyer. Then I have to make a determination of whether your concerns justify the appointment of a lawyer.

You do not have the right to a Court appointed lawyer, that is, a lawyer at public expense in a probation violation to the degree that you have it when you are charged with a felony crime.

And so it's only under very limited circumstances. Now, do you know whether you want to make a request to have a lawyer present at your own expense before we proceed any further?

MR. YOUNG: When I went to court in Coeur d'Alene, they gave me a Public Defender and he waived the Preliminary and plea bargained with them and he told me when I came up here to ask for a Public Defender and to get ahold of him down there. That's what he told me, so I said, "okay."

THE COURT: Without you telling me what you want to do, do you know whether you, in your own mind, admitted—excuse me, violated these rules or whether you didn't?

MR. YOUNG: I did.

THE COURT: I am not asking you to advise me whether you violated them or not, in your own mind do you understand from reading these allegations as to whether you did what they accused you of doing?

MR. YOUNG: Yes.

THE COURT: All right. Now, if you are going to—you requested a Public Defender. That's a lawyer at public expense. Now, you explain to me why you believe you need a lawyer to protect your rights. And if your reason is a good enough one, I will consider appointing one. If it's not, then I am not going to.

The fact your Public Defender down in Kootenai County asked you to apply for one here isn't a good enough reason. You need to tell me the reason why you believe you need a lawyer.

MR. YOUNG: I just think a lawyer might possibly help me stay out of Boise. Maybe he could get me to go to Cottonwood or something like that. That's the only reason I can think of.

THE COURT: Let me ask you, do you believe that you have—without a lawyer you have difficulty presenting information to the Court?

MR. YOUNG: No.

THE COURT: Concerning whether or not you violated these rules they say you violated?

MR. YOUNG: No, I would have no problem.

THE COURT: All right. With respect to the—what would happen to you if you admitted that you did these violations that they alleged with respect to what would happen after such an admission, assuming you made the admission, do

you believe you need a lawyer help you gather favorable information?

MR. YOUNG: No, sir.

THE COURT: Based on your answers you haven't shown entitlement to an attorney at public expense.

I will remind you you do have the right to have a hearing on these questions, on these allegations that have been made. And you do have the right to require the State to prove them.

If you do that, then we will do that on November 26, we will have such a hearing. And at that time you have the right to have a lawyer at your own expense.

Now; do you wish to have an opportunity to hire a lawyer at your expense and have the hearing on the 26th of November?

MR. YOUNG: No, sir.

Young then admitted the allegation that his urine sample had tested positive for cocaine. The State presented a witness who testified that he arrested Young and that Young was in possession of cocaine. Young did not cross-examine the witness. After the State made its recommendation to the court, Young stated: "I don't have no recommendation. I guess I deserve to go back to the original sentence. I guess I don't have anything else."

The Court revoked Young's probation and again imposed the original term of nine to twenty-four months of incarceration. On the filing of Young's *pro se* notice of appeal, counsel was appointed and is now representing him.

## DISCUSSION

Young now argues that he was entitled to appointed counsel to represent him at the probation revocation hearing by reason of the provisions of I.C. § 19–852, the sixth amendment to the federal constitution, and art. 1, § 13 of the state constitution.

Idaho Code § 19–852 provides that:

**(a) A needy person who is being detained by a law enforcement officer, who is confined or is the subject of hospitalization proceedings pursuant to sections 18–212, 18–214, 66–322, 66–326,** 66–329 or 66–409, Idaho Code, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, is entitled:

**(1) to be represented by an attorney to the same extent as a person having his own counsel is so entitled; and**
(2) to be provided with the necessary services and facilities of representation (including investigation and other preparation). The attorney, services, and facilities and the court costs shall be provided at public expense to the extent that the person is, at the time the court determines need, unable to provide for their payment.

(b) A needy person who is entitled to be represented by an attorney under subsection (a) is entitled:

**(1) to be counseled and defended at all stages of the matter beginning with the earliest time when a person providing his own counsel would be entitled to be represented by an attorney and including revocation of probation;**

(2) to be represented in any appeal;

(3) to be represented in any other post-conviction or post-commitment proceeding that the attorney or the needy person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

(c) A needy person's right to a benefit under subsection (a) or (b) is unaffected by his having provided a similar benefit at his own expense, or by his having waived it, at an earlier stage.

(Emphasis added.)

▮ In general, the statute provides the right to appointed counsel to a needy person at a probation revocation hearing to the same extent as a person providing his/her own counsel would be entitled to such representation. As there is no dispute that Young is a "needy person" within the meaning of the statute, we will not belabor that point. The crucial question to be an-

swered is whether a person with retained counsel is entitled to representation at a probation revocation proceeding. If an individual is entitled to be represented by retained counsel at a probation revocation hearing, then a needy person has a statutory right to appointed counsel. The intent of the Model Defense of Needy Persons Act, from which I.C. § 19–852 is based, is to provide appointed counsel whenever retained counsel is entitled "under the law" to appear whether that entitlement comes from constitution, statute, regulation or ordinance. Uniform Law Commissioner's Comments, Model Defense of Needy Persons Act § 2.

■ The State argues that Young did not have the right to appointed counsel and cites to *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), in support of its contention. That case, however, does not resolve the question before us. *Gagnon* stands for the proposition that there is no sixth amendment right to appointed counsel at all probation revocation hearings. Rather, the decision to appoint counsel is to be made on a case-by-case basis. Under the sixth amendment, the court should appoint counsel in a probation revocation proceeding when the probationer makes such a request and has a colorable claim that he has not committed the alleged probation violation; or there are substantial reasons which make revocation inappropriate. Additionally, counsel must be appointed in a probation revocation hearing when the sentence has not yet been passed (*e.g.*, revocation of probation imposed after the district court has withheld judgment pursuant to I.C. § 19–2601(3)). *Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967).

The question of whether there is a right to representation at a probation revocation hearing by retained counsel was specifically reserved by the *Gagnon* Court:

> Since respondent did not attempt to retain counsel but asked only for appointed counsel, we have no occasion to decide in this case whether a probationer or parolee has a right to be represented at a

revocation hearing by retained counsel in situations other than those where the State would be obliged [under the sixth amendment] to furnish counsel for an indigent.

*Gagnon*, 411 U.S. at 783 n. 6, 93 S.Ct. at 1760 n. 6. What we must determine is the question left unanswered in *Gagnon*.

■ We now hold that there is a federal constitutional right to be represented by retained counsel at a probation revocation hearing. Accordingly, a needy person has the right to be represented by appointed counsel at such a hearing under I.C. § 19–852. We base our conclusion regarding retained counsel on a series of cases starting with *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1934), wherein the Court stated:

> If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore of due process in the constitutional sense.

287 U.S. at 69, 53 S.Ct. at 64. Twenty years later, the Supreme Court stated that, "[r]egardless of whether petitioner would have been entitled to the appointment of counsel [in a burglary and habitual criminal case], his right to be heard through his own counsel was unqualified." *Chandler v. Fretag*, 348 U.S. 3, 9, 75 S.Ct. 1, 5, 99 L.Ed. 4 (1954).

We find the *Chandler* case to be particularly instructive because it was decided at a time when the sixth amendment right to appointed counsel did not apply to the states and the due process right to appointed counsel at trial was even more restrictive than the current sixth amendment right to appointed counsel during a probation revocation hearing. That is, *Chandler* was decided when *Betts v. Brady*, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), was still the law. *Betts v. Brady* held that a defendant confronted with state charges did not have a sixth amendment right to appointed counsel, but under certain circumstances there could be a due process

right to appointed counsel. Although the *Betts v. Brady* case-by-case approach to the right to appointed counsel was later overruled in *Gideon v. Wainwright,* 372 U.S. 335, 345, 83 S.Ct. 792, 797, 9 L.Ed.2d 799 (1963), as to felony prosecutions, it was adopted in probation revocation hearings by *Gagnon,* 411 U.S. at 788–89, 93 S.Ct. at 1763.

As criminal defendants had an "unqualified" federal due process right to retained counsel at trial at a time when the federal constitutional right to appointed counsel at trial was decided on a case-by-case basis, we believe that probationers have an un-qualified federal due process right to retained counsel at probation revocation hearings even though the federal constitutional decision to appoint counsel is made on a case-by-case basis. *See also Gleichauf v. State,* 334 So.2d 174 (Fla.1976) (defendant entitled to the representation of retained counsel at probation revocation hearing under *Gagnon v. Scarpelli*).

The State has also cited us to *Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App. 1982), where our Court of Appeals held that a defendant was not entitled to counsel at his Department of Corrections classification hearing. The *Schmidt* court stated in dicta that a defendant is not entitled to representation by counsel "at probation revocations proceedings except when dictated by special circumstances, unless those proceedings are a combined sentencing and probation revocation proceeding." 103 Idaho at 349, 647 P.2d at 805. However, that case is easily distinguishable because the issue there was whether the defendant was entitled to appointed counsel under the federal constitution. The issue here is whether a defendant at a probation revocation hearing is entitled to representation by retained counsel and thus whether that defendant is statutorily entitled to representation by appointed counsel. The statutory right to appointed counsel under I.C. § 19–852 is coextensive with the right to retained counsel.

As is true with many of the cases which discuss the right to appointed counsel, the Court of Appeals in *Schmidt* appears to refer to the right to appointed counsel simply as the right to counsel, as if the right to retained counsel was not a separate issue. We believe the Court of Appeals used that general phrase because the right to retained counsel was not an issue in that case. To the extent, if any, that the dicta in *Schmidt* suggests that the right to retained counsel at a probation revocation proceeding is limited by *Gagnon* or that there is not a I.C. § 19–852 right to appointed counsel at a probation revocation hearing, we decline to follow it.

### HOLDING

In sum, we hold that Young had a right under I.C. § 19–852(b)(1) to be represented by appointed counsel at his probation revocation hearing. In light of our disposition on statutory grounds, we have no occasion to determine the parameters of the right to appointed counsel at probation revocation proceedings under our state constitution. *See Swensen v. Buildings, Inc.,* 93 Idaho 466, 469, 463 P.2d 932, 935 (1970) (court will not rule on a constitutional issue unless it is necessary to resolve the case). The order of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.

JOHNSON and McDEVITT, JJ., and WALTERS, J. Pro Tem., concur.

BAKES, Chief Justice, dissenting:

The Court concludes that by requesting the appointment of counsel the defendant has impliedly asserted a right under I.C. § 19–852, even though the statute was never called to the court's attention. While we have not previously delineated how specifically a litigant must raise a claim under a statute in order to preserve the issue on appeal, it seems to me that the rationale of our recent cases requires, as a minimum, that the party call the statute to the court's attention. *Cf. State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991); *Sanchez v. Arave,* 120 Idaho 321, 815 P.2d 1061 (1991). The purpose for that rule adopted in those two cases was to give the trial court "an opportunity to consider the issue." I believe that purpose which this Court sought

to achieve by the rule in *State v. Martin* and *Sanchez v. Arave* is substantially undercut by its decision today.