BRODY, J., concurring in part and dissenting in part.
The Court acknowledges in the opening of its analysis that there are notable procedural deficiencies with Regan's petition. For me, the procedural deficiencies are insurmountable hurdles that we should not overlook. To be clear, I have concluded that Regan's petition should be dismissed and no relief should be granted by the Court. The Court's decision today, however, goes beyond a dismissal, and instead declares section 56-267 constitutional and denies a writ of mandamus. While I understand the pragmatic pull to end the constitutional debate so lawmakers know the decisions that need to be made, judicial restraint remains imperative.
The issue of how this Court interprets legislation incorporating federal law is complex and has far reaching implications. Today the Court takes on that complex issue in a case where the Idaho Department of Health and Welfare-the state agency charged with implementing that legislation-has not had an opportunity to be heard because it is not a party. Today, the Court takes on that issue in a case that has not been tested and sharpened through the adversarial system in the district court. Our Constitution purposefully limits this Court's original jurisdiction, recognizing that this institution speaks most clearly when issues and records are fully developed and all of the necessary parties have been named and joined. The Court's limited original jurisdiction does not include the authority to issue declaratory judgments which are not necessary to decide the question of whether an extraordinary writ should issue.
To unpack my view of this case it is necessary to start with what Regan is asking this Court to do in his prayer for relief. Regan's prayer is plain and simple, as it should be:
(1) A declaration from this Court that Proposition #2 is unconstitutional and unenforceable;
(2) This Court should further order that Chapter 2, Title 56, Idaho Code, should not be revised by the Idaho Secretary of State to include the amending language of Proposition #2 as the law of this state, nor should Proposition #2 be in any way enforced or enforceable; or
(3) Alternatively, if the Secretary of State has already revised Chapter 2, Title 56, Idaho Code, to include the amending language of Proposition #2 by the time this Court determines that Proposition #2 is unconstitutional, this Court should order the Secretary of State to again revise Chapter 2, Title 56, Idaho Code, to remove the amending language of Proposition #2.
Regan thought the key to obtaining his requested relief was Idaho Code section 34-1809(4). His petition states: "The Court has original jurisdiction to consider this Petition under Idaho Code section 34-1809(4)." I agree with the Court that Regan's analysis of original jurisdiction was incorrect. I agree with the Court that this provision is unconstitutional. The Idaho Constitution sets forth this Court's original jurisdiction and limits it to issuing "writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise *30 of its appellate jurisdiction." Idaho Const. art. V, § 9. The legislature cannot expand our jurisdiction.
When initially reviewing Regan's petition, the Court-based on traditional notions of fair play and due process-did as it always does when construing pleadings; it liberally construed Regan's prayer for relief and concluded that it could be fairly read as setting forth a request for the issuance of a writ of mandate or prohibition. The Court directed Regan to file a brief in support of his position in accordance with Rule 5 of the Appellate Rules of Procedure which governs actions for extraordinary writs.
Regan complied with the Court's order. Regan made it clear in his opening brief that his petition should not be construed as a request for a writ and that he was seeking declaratory relief under section 34-1809(4). He wrote:
Accordingly, Petitioner requests that the Court follows Section 34-1809(4) and have the entire Court determine the constitutionality of Idaho Code Section 56-267 rather than follow the procedure in Idaho Appellate Rule 5(d).
For me, Regan's position eliminated any concern I had about how to read his petition, and I would simply dismiss his petition for lack of jurisdiction based on the Court's determination that section 34-1809(4) is unconstitutional. There is no need to address whether a writ of mandamus or prohibition should issue, and certainly no need to address the constitutionality of section 56-267.
While I would choose to take an early off-ramp to dismiss Regan's petition, the Court continues on with the matter by next addressing the merits of Regan's claim that section 56-267 is unconstitutional. Absent from the Court's opinion is a discussion of the legal basis upon which an extraordinary writ may issue. Whether an extraordinary writ should issue is the only question the Court has the authority to address given our constitutional limitation on original jurisdiction. Taking up the writ issue first- before considering the constitutionality of section 56-267-is also consistent with the Court's long-standing jurisprudence that it does not rule on constitutional challenges unless it is necessary for a determination of the case. See e.g., State v. Doe , 140 Idaho 271, 273, 92 P.3d 521, 523 (2004) ; Poesy v. Bunney, 98 Idaho 258, 264, 561 P.2d 400, 406 (1977) ; Swensen v. Buildings, Inc., 93 Idaho 466, 469, 463 P.2d 932, 935 (1970) ; Twin Falls Canal Co. v. Huff , 58 Idaho 587, 599, 76 P.2d 923, 928 (1938).
There is no legal basis upon which to issue a writ of mandamus. Idaho Code section 7-302 provides that a "writ of mandamus 'may be issued by the Supreme Court ... to any ... person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station.' " Coeur D'Alene Tribe v. Denney , 161 Idaho 508, 512, 387 P.3d 761, 765 (2015) (emphasis added) (quoting I.C. § 7-302 ). The Court has said,
[M]andamus will lie if the officer against whom the writ is brought has a "clear legal duty " to perform the desired act, and if the act sought to be compelled is ministerial or executive in nature. If the act sought to be compelled of the public officer is ministerial, the Court must find the party seeking the writ has a clear legal right to have the act performed.
Id. (emphasis added) (quoting Utah Power & Light Co. v. Campbell , 108 Idaho 950, 953, 703 P.2d 714, 717 (1985) ).
In this case, a writ of mandamus could not be issued because Denney does not have a "clear legal duty" to remove an unconstitutional statute from the Idaho Code. In Coeur D'Alene Tribe , this Court determined Denney had a clear legal duty, pursuant to section 67-505, to certify a bill as law when the Governor did not timely veto a bill. 161 Idaho at 521, 387 P.3d at 774 ("There is nothing discretionary about the Secretary of State's role in the matter: once the deadline has passed for the Governor's return of a veto, the Secretary of State has a non-discretionary duty to certify the bill as law."). Here, however, Regan is not seeking to compel Denney to perform a non-discretionary ministerial duty, as there is no authority mandating that Denney remove certain provisions from the Idaho Code.
*31 Regan cites to Idaho Code section 73-205 titled "Powers and duties of commission" and contends this statute confers a duty on Denney to remove statutes this Court determines are unconstitutional. However, nothing in section 73-205 so requires. Instead, section 73-205 authorizes the Idaho Code Commission, the body responsible for ensuring that the Idaho Code is updated after each legislative session, to enter into contracts with publishers. Nothing in section 73-205 authorizes or confers any duty on Denney to repeal sections of the Idaho Code that the Court deems unconstitutional. Rather, a statute declared unconstitutional by the Court stays in the Code, but with an annotation to the case holding that the statute is unconstitutional. Thus, Regan's attempt to get an order from the Court directing Denney to revise the Idaho Code fails. Put simply, there is no authority for Denney to do so.
The constitutionality of section 56-267 and whether a writ of mandamus should issue are completely separate issues. The Court cites Coeur D'Alene Tribe v. Denney , 161 Idaho at 514, 387 P.3d at 767, and Keenan v. Price , 68 Idaho 423, 429, 195 P.2d 662, 664 (1948), as the basis for exercising jurisdiction in this case. The constitutional issues presented in both of those cases were inextricably intertwined with the question of whether a writ of mandate should issue. In Coeur D'Alene Tribe , the Tribe petitioned the Court for a writ of mandamus compelling the Secretary of State to certify as law a bill repealing historical horse racing. 161 Idaho at 511, 387 P.3d at 764. The Tribe argued that the Secretary of State had a non-discretionary duty to certify the bill as law because Governor Otter's veto of the bill was untimely under the Idaho Constitution. Id. at 512, 387 P.3d at 765. The Court, after a lengthy analysis of the constitutional provisions at issue, concluded that Governor Otter's veto was untimely and issued the writ mandating that the Secretary of State certify the bill. Id. at 526, 387 P.3d at 779. The Court had to answer the constitutional question before it could determine whether to issue a writ.
Similarly, in Keenan , the petitioner sought a writ of mandate to compel the Secretary of State to accept and file his petition for candidacy and certify his name to the county auditors as a candidate for governor for the upcoming election. 68 Idaho at 428-29, 195 P.2d at 664. The Secretary of State had refused to do so based on a recent constitutional amendment which required, among other things, that a governor not succeed himself except after sitting out a full term. Id. In deciding whether a writ could properly issue, the Court examined the constitutionality of the amendment because it was inextricably intertwined with the issue of whether the Secretary of State had a duty to certify Keenan's name. Id. at 432, 195 P.2d at 666.
In this case, the constitutionality of section 56-267 is not inextricably intertwined with whether a writ of mandate should issue. The Court does not have the jurisdiction to issue a declaratory judgment in this context and Regan's petition should be denied without further comment by the Court.