**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47241**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 13, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| ZOE RENEE BARHAM, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order for restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Zoe Renee Barham appeals from an order for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Barham purchased an insurance policy for her vehicle after it was involved in an accident in the parking lot of a local business. When the owner of the other vehicle filed a claim against the policy, Barham told her insurer that she had purchased the policy before the accident. Barham's insurer denied the other vehicle owner's claim after an internal investigation revealed that Barham had purchased the policy after the accident. Barham's insurer then notified the Idaho Department of Insurance.

1

The State charged Barham with insurance fraud. I.C. § 41-293(1)(c). After a jury found Barham guilty of the offense, the State sought a restitution order under I.C. § 41-293(4). The State's restitution request included $2,400.60 for Barham's insurer arising from travel and investigation costs. Barham objected to that amount, arguing that restitution for travel and investigation costs was not authorized by statute. The district court rejected Barham's argument and awarded her insurer the full $2,400.60. Barham appeals.

## II.

## STANDARD OF REVIEW

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Barham argues the district court erred in ordering her to pay $144.66 in restitution to her insurer for investigation costs arising from six hours of time an employee spent investigating the claim at issue in this case.[1] Specifically, Barham asserts that a restitution award for such expenses is not authorized under I.C. § 41-293(4). The State responds that the district court correctly concluded that an insurer's investigative costs constitute a "financial loss" for which

---

[1] Although Barham argued before the district court that she could not be ordered to pay restitution for either her insurer's travel expenses or investigation costs, Barham's appellate brief only challenges the restitution for her insurer's investigation costs. Thus, Barham has waived any argument that the district court erred in ordering her to pay restitution to her insurer for travel expenses. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if either authority or argument is lacking).

2

I.C. § 41-293(4) authorizes restitution. We hold that the district court's restitution award for investigative costs was appropriate.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code Section 41-293(4) authorizes trial courts to order those convicted of insurance fraud to pay restitution and provides:

> Any violator of this section is guilty of a felony and shall be subject to a term of imprisonment not to exceed fifteen (15) years, or a fine not to exceed fifteen thousand dollars ($15,000), or both and *shall be ordered to make restitution to the insurer or any other person for any financial loss sustained as a result of a violation of this section.* Each instance of violation may be considered a separate offense.

 (Emphasis added.)

The term "financial loss" has a nonexhaustive statutory definition. Within the context of I.C. § 41-293(4), financial loss "includes, but is not limited to, loss of earnings, out-of-pocket and other expenses, repair and replacement costs and claims payments." I.C. § 41-291(8).

The district court found that Barham's criminal conduct was the actual and proximate cause of the $144.66 in wages that Barham's insurer paid one of its employees for the six hours he spent investigating the claim at issue in this case. Based upon this finding, the district court concluded that the investigation costs fell within the statutory definition of financial loss.

3

Consequently, the district court concluded that Barham's insurer was entitled to restitution for its investigation costs. Barham argues that the district court erred by failing to recognize that her insurer would have paid its employee regardless of the particular claim being investigated. Thus, according to Barham, the employee's compensation was not "a result of" her criminal conduct and, therefore, does not constitute financial loss within the context of I.C. § 41-293(4).[2] We disagree.

We rejected an argument similar to Barham's in *State v. Olpin*, 140 Idaho 377, 93 P.3d 708 (Ct. App. 2004). Olpin was convicted of grand theft for stealing funds from her employer. The extent of Olpin's theft was discovered after four of the victim's employees researched the exact amount of deposits missing from the victim's bank account. After a restitution hearing, the trial court entered a restitution order that, among other things, required Olpin to pay restitution to the victim for the wages paid to its employees for the time they spent researching the missing deposits. On appeal, Olpin argued that the trial court erred in ordering her to pay restitution for the employees' wages because the applicable restitution statute, I.C. § 19-5304, did not authorize it. This Court held that I.C. § 19-5304(2) authorized the trial court to order restitution for any "economic loss" the victim actually suffered. *Olpin*, 140 Idaho at 378, 93 P.3d at 709. Under I.C. § 19-5304:

> "Economic loss" *includes*, *but is not limited to*, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death, or emotional distress.

I.C. § 19-5304(1)(a) (emphasis added).

In *Olpin*, this Court reasoned that the loss of productivity the victim suffered by having to task its employees with researching the extent of Olpin's theft when they could have completed other tasks was closely analogous to "lost wages." The wages the employees received for

---

[2] In her appellate brief, Barham also argued that her criminal conduct was not the actual cause of the employee's wages because her insurer would have paid the employee anyway. Because I.C. § 41-293(4) authorizes a restitution award only for a financial loss *sustained as a result of* the insurance fraud for which the defendant is convicted, Barham's causation argument is essentially the same as her argument that the employee's wages do not constitute financial loss.

4

investigating Olpin's criminal conduct were "direct out-of-pocket expenses," which were expressly identified as falling within the statutory definition of economic loss. *Olpin*, 140 Idaho at 379, 93 P.3d at 710. In light of the broad statutory definition of economic loss and the deterrent and rehabilitative purposes of victim restitution, we held that it was not error to order restitution for the employees' wages because the victim suffered economic loss as contemplated by I.C. § 19-5304 when the employees were diverted from their normal duties to investigate the missing deposits. *Olpin*, 140 Idaho at 379, 93 P.3d at 710.

The similarity between the statutes applicable in this case and those at issue in *Olpin* is such that *Olpin* guides our analysis. Idaho Code Section 41-293(4) required the district court to order restitution to Barham's insurer for any "financial loss sustained as a result of" Barham's criminal conduct. Similar to the statutory definition of economic loss at issue in *Olpin*, financial loss has a broad statutory definition, which includes, but is not limited to, out-of-pocket and other expenses. I.C. § 41-291(8). There is no meaningful distinction between the wages at issue in *Olpin* and those in this case that would lead us to a different conclusion than in *Olpin*--specifically, wages paid for investigative costs constitute out-of-pocket expenses. That the employee's primary job duty in this case was the investigation of claims is immaterial. But for Barham's criminal conduct, the defrauded insurer could have tasked its employee with the investigation of other claims. In light of the broad statutory definition of financial loss and the deterrent and rehabilitative purposes of victim restitution, we conclude that the wages Barham's insurer paid its employee to investigate the insurance claim were out-of-pocket expenses that resulted from Barham's criminal conduct. Consequently, Barham has failed to show that the district court erred in ordering her to pay restitution for those expenses to her insurer.

## IV.
## CONCLUSION

Barham has failed to show that the district court ordered her to pay restitution for amounts that are not authorized by statute. Thus, Barham has failed to show that the district court erred in ordering her to pay restitution. Barham's order for restitution is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

5